### CHANNELL CHEMICAL CO. v. E. W. HAYDEN CO. et al.

(District Court, N. D. Ohio, W. D. January 15, 1915.)

#### No. 108.

TRADE-MARKS AND TRADE-NAMES ☞85—SUIT FOR INFRINGEMENT—DEFENSES —MISREPRESENTATIONS OF COMPLAINANT.

Complainant makes and sells a mop and a furniture polish for use together on floors, etc., and in connection with both articles it uses the registered trade-mark "O-Cedar," either alone or in combination with other words. In its advertisements of the polish it repeatedly represents that it is a purely vegetable product, containing no grease nor mineral oil, and that it constitutes a varnish food or restorer. In fact, it is composed of 85 per cent. of mineral oils, and the evidence showed that it is of no special value as a varnish restorer. *Held*, that complainant had no standing in equity to maintain a suit for the protection of its trade-mark in respect to either product.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 94; Dec. Dig. ☞85.]

In Equity. Suit by the Channell Chemical Company against the E. W. Hayden Company, and Edwin W. Hayden, Orlie P. Wilkinson, and Herbert J. Chittenden, as officers and directors of said corporation. On final hearing. Decree for defendants.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Chas. T. Lawton, of Toledo, Ohio, and Chas. W. Hills, of Chicago, Ill., for complainant.

Owen, Owen & Crampton, of Toledo, Ohio, for defendant.

KILLITS, District Judge. The complainant is the owner of trademarks registered Nos. 87,163 and 99,142, on applications simultaneously made, to use as a trade-mark the formula "O-Cedar," as applied to floor mops and furniture polish, respectively. It is alleged that complainant's mops and polish have been largely advertised and sold throughout the United States, invariably marked with the trade-marks "O-Cedar," and that complainant's products have become widely, generally, and popularly known to the public and to the trade as "O-Cedar Polish," "Cedar Polish," "O-Cedar Polish Mops," "Cedar Mops," "Cedar Polish Mops," "Round Cedar Mops," "Round Cedar Polish Mops," and under many other compound words, of which the word "Cedar," or "O-Cedar," form a component part, and that the mops are marketed in a metallic can or container of distinctive color and size, with characteristic and descriptive matter thereon, including the trademark. It is alleged that the defendants are imitating the registered trade-marks, applying the same to inferior and spurious products closely resembling the respective products of complainant, designating their products under the mark and name of "Oil of Cedar Polish," and "Oil of Cedar Mops," and "Cedar Polish Mops," respectively, and are therefore engaged in unfair competition with the business and trade of the complainant. The usual injunction and accounting is asked for.

The testimony makes it unmistakable that the complainant transacts its business, through advertising and otherwise, with a view of inducing the public to use its mops in connection with its polish, and vice versa. It is very questionable whether the court should decide that the use of the term "Oil of Cedar," in compounds relating to mops and furniture polish, by the defendants, is in any way an unlawful imitation of complainant's trade-mark, because complainant obtained the registration of that formula only through a positive disclaimer that it was at all descriptive, but upon the insistence that it was purely arbitrary, and the only substantial ground upon which the complainant appealed very strongly to the court for relief on the facts of this case was in the fact that defendants' mop containers were in approximately the same color as that employed by the containers of the complainant, which resemblance defendants very promptly agreed to destroy by the adoption of some other tint.

But there is in this case an insuperable objection to giving the complainant any relief whatever. In Worden v. California Fig Syrup Company, 187 U. S. 516, 23 Sup. Ct. 161, 47 L. Ed. 282, the court decides that:

"When the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not, in his trade-mark or in his advertisements and business, be himself guilty of any false or misleading representation, and if he makes any material false statement in connection with the property which he seeks to protect, he loses his right to claim the assistance of a court of equity"

In this case it is indisputable that the complainant has been guilty of false and misleading advertising of its product. We quote from one advertisement:

"O-Cedar Polish, a wonderful varnish food. * * * It contains no grease, mineral by-product, or benzine. Every ingredient of O-Cedar polish is a pure vegetable substance. * * * O-Cedar Polish is well and favorably known, and is widely advertised in connection with the O-Cedar Mop."

From another:

"O-Cedar Polish is more than furniture polish. It cleans as it polishes, and acts as a varnish renewer and rejuvenator."

From another:

"O-Cedar Polish is a vegetable compound and mixes freely with water."

From another:

"O-Cedar Polish. This 'varnish food' is a rejuvenator and restorer, * * * is a pure vegetable compound, and mixes freely with water."

On some of the complainant's bottle cartons introduced in evidence was the statement that:

"O-Cedar polish penetrates through the varnish pores, instead of clogging them, as mineral products do."

The specific testimony before the court as to the ingredients of complainant's compound shows that 85 per cent. thereof is hydro-carbon oil, otherwise a light mineral oil; the rest of the percentage being divided between methyl salicylate and oil of cedar. No testimony is offered on behalf of the complainant to meet this. The unsworn statement in open court of complainant's expert chemist, who was a witness for another purpose, was that the complainant's O-Cedar Polish contained more than 50 per cent. mineral oil; but the exact proportions were not admitted in testimony, upon the excuse offered by complainant's counsel that to disclose its formula would be to expose a trade secret. Expert testimony also advised the court that there can be no element of food value to varnish in this compound, and that its efficiency as a varnish restorer is negligible.

In the presentation of the case it seemed to be acknowledged by complainant's counsel, that, so far as the trade-mark respecting the polish was concerned, this evidence was fatal to complainant's claim for relief; but the claim is made that still the complainant should be protected respecting its mop trade-mark. We have alluded to the fact that complainant advertises its products for joint and mutually dependent use. On this showing of deceptive advertising, we do not feel inclined to permit the complainant to have the advantage of an injunction out of this court to protect its mop trade-mark, and thus indirectly protect it in its polish trade-mark for a product to be used jointly with its mop. Besides, if it insists that the formula "O-Cedar," as applied to the mop, has become identified in the public mind with a cedar product, that identification is in connection only with the use of O-Cedar Polish; otherwise, the formula as applied to the mop is deceptively descriptive, for the mop itself is not made of cedar.

There is some evidence in this case which leads the court to suspect that the complainant itself has imitated articles of this character as put out by the defendant—at least, that it copied the special wording of defendants' descriptive advertising. This evidence is, at least, just as plain against the complainant as the evidence that defendants imitated the color of complainant's containers; for it is a question which manufacturer used the golden yellow color first. Defendants, however, voluntarily agreed to abandon this color for their containers as soon as the cans now on hand are exhausted.

This situation leaves the case without any equity in favor of the complainant, and the bill is dismissed, at its costs.